## Thompson vs. Blanchard et al.

The practice with respect to making a case, bill of exceptions, and proposing amendments thereto, and of settling the same, remains as before the adoption of the code, and is governed by the former rules of the court.

This action was commenced prior to July, 1848, and was an action of trover. It was tried on the 25th Oct. last, at the Washington circuit, before Mr. Justice Harris, when the Plaintiff obtained a verdict for $930. On the 26th October, the Plaintiff gave to the Defendants' attorney a stipulation, giving him fifteen days within which to make and serve a case and staying the proceedings in the mean time. On the 30th October, the Defendants' attorney applied to the judge ex parte, and without affidavit, for an enlargement of the time to prepare the case; and the judge granted an order extending the time forty days from that time, and staying the proceedings of the Plaintiff in the mean time, and in case of the service of such case, then continuing such stay till the decision of the Supreme Court thereon. The judge afterwards modified the order so as to allow the Plaintiff to perfect his judgment on the

verdict, and judgment was accordingly entered up. The Plaintiff's attorney, treating the order of Judge Harris, as not being operative to stay the proceedings beyond ten days from its date, issued his execution after the expiration of that time, which the Defendants' attorney now moves to set aside for irregularity.

J. H. McFARLAND, *for the motion.*

I. W. THOMPSON, *contra.*

WILLARD, Justice.—As this cause was commenced prior to July, 1848, sections 362 and 366 of the code, do not apply to it; and it must be governed by the former practice. Section 362, as applicable to *non-enumerated motions,* is in force with respect to suits instituted before the code took effect. (Laws of 1848, p. 567.) But an order to enlarge the time to make a case or bill of exceptions, and in the meantime staying proceedings, was never treated as a non-enumerated motion. It belonged to the chamber duties of the justice trying the cause. (Rule 38.) It was invariably granted ex parte and without an affidavit, the judge acting from his own knowledge of the facts and questions of law arising in the case. The order of Judge Harris, therefore, was strictly regular.

I am aware that Judge Harris, in a subsequent letter to the Plaintiff's attorney, expressed an opinión that his order was inoperative as a stay beyond the ten days from its date. The Plaintiff's attorney acted upon this opinion, doubtless, when he issued the execution. But it does not appear that the attention of Judge Harris was called to the fact that this action was pending when the code took effect.

But if the suit had been instituted under the code, I am still of opinion that § 362, forbidding the granting an order to stay proceedings for a longer time than ten days, except upon previous notice to the adverse party, does not apply to an order enlarging the time to make a case or bill of exceptions. And I am of opinion, also, that § 366, allowing an order to be disregarded, unless the *affidavit on which it was granted,* or a copy thereof, be served with a copy of the order, is inapplicable to this case. Those sections were doubtless intended to provide for all the cases embraced in the 58th rule, and for orders granted in the progress of the cause *before* judgment; such as to extend the time to answer, to reply, &c. They do not, in terms, extend to an order enlarging the time to make a case, &c., when made by the judge who tried the cause, nor to *his* order staying the proceedings until the decision of the court thereupon. If it may become necessary to apply to a judge other than the one who tried the cause, the requirements of the code as indicated in § 362 and 366 must be complied with. The practice with respect to making a

case, bill of exceptions, and proposing amendments thereto, and of settling the same, remains as before the adoption of the code, and is governed by the former rules of the court.

The issuing of the execution in this case was irregular, and it must be set aside. But as the attorney undoubtedly acted in good faith, and the practice in this respect was unsettled, and the justice who granted the order having expressed an ex parte opinion, that the order was not operative beyond ten days, the Defendant must be required to stipulate as a condition of setting aside the execution, not to bring any action against the Plaintiff or his attorney, or the officer acting in obedience to the execution for or in respect of the issuing or service of said execution. Rule accordingly.